UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRIL BRECKENRIDGE and HARVEY
AYERS,

              Plaintiffs,          CASE NO. 18-10787
                                      HON. DENISE PAGE HOOD
v.

BLACKHAWK RECOVERY AND
INVESTIGATION, LLC, NISSAN
MOTOR ACCEPTANCE
CORPORATION, PRIMERITUS
FINANCIAL SERVICES, INC., AND
ALLTRAN FINANCIAL, LP,

              Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT [#26] AND DENYING ALLTRAN'S MOTION TO DISMISS [#22]

**I.    INTRODUCTION**

Defendant Alltran Financial, LP ("Alltran") filed a Motion to Dismiss based on failure to state a claim [Doc. #22]. After the Motion to Dismiss was filed, Plaintiffs filed a response to Alltran's Motion to Dismiss Plaintiffs' Complaint and Cross-Motion for Leave to file a Second Amended Complaint [Doc. #26], asserting that the complaint states a cause of action against Alltran and that the Court should grant leave to amend. Alltran has replied to Plaintiffs' response to the Motion to

1

Dismiss, stating that the response offers no support for the Plaintiffs' "deficient pleading and confirms that [Plaintiffs'] claims against Alltran fail as a matter of law" [Doc. #28]. A hearing on the motions was held on July 25, 2018. For the reasons that follow, the Court denies Alltran's Motion to Dismiss and grants Plaintiffs' Motion for Leave to File a Second Amended Complaint against Alltran.

**II.     BACKGROUND**

Plaintiffs' claims relate to a loan they received from Nissan Motor Acceptance Corporation ("Nissan") to finance the purchase of a Nissan Altima. Plaintiffs subsequently defaulted on payment of the loan, so Nissan hired Primeritus Financial Services, Inc. ("Primeritus") to repossess the Altima. Plaintiffs allege that Primeritus then hired Blackhawk Recovery and Investigations, LLC ("Blackhawk") to repossess the Altima, which Blackhawk did on or about February 13, 2017. Plaintiffs further allege that Nissan took possession of the Altima and resold it in December 2017. Nissan or Primeritus allegedly hired Alltran to collect from Plaintiffs the debt related to the Altima.

Plaintiffs filed a complaint against defendants Nissan, Primeritus, and Blackhawk in the Third Judicial Circuit Court Case No. 18-001587-CZ on February 9, 2018. Nissan and Primeritus were served with the original complaint on February 15, 2018, and the complaint alleged that they had "actual knowledge that the Plaintiff was represented by counsel regarding the vehicle, the repossession, and the alleged

debt." *See* Compl. at ¶¶ 30-31. The case was removed to this Court on March 3, 2018. On March 16, 2018, Plaintiffs filed a First Amended Complaint to join Alltran as a defendant in this suit.

In the First Amended Complaint, Plaintiffs asserted two claims against Alltran, for violations of the Fair Debt Credit Reporting Act ("FDCPA") and the Occupational Code. *See* Compl. at ¶¶ 61-70. Plaintiffs request statutory damages, punitive damages, and attorney's fees. Plaintiffs state that Alltran contacted them on March 8, 2018, "in an attempt to collect the [sic] alleged debt." *Id.* at ¶ 36. Plaintiffs do not claim that they received any communications from Alltran following March 8, 2018.

## III. LEGAL STANDARDS

### A. Rule 12(b)(6)

Rule 12(b)(6) provides for a motion to dismiss based on the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief required more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . [f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *King v. William Beaumont Hosp.*, 2011 WL 860656, at *1 (E.D. Mich. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007)).

In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is deemed facially plausible when the complaint includes factual content allowing for the court to draw a reasonable inference that the stated party is liable for the misconduct asserted. *King*, 2011 WL 860656, at *1; see also *Twombly*, 550 U.S. at 557. This plausibility standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

**B. Rule 15(a)**

When a responsive pleading has been filed, a party may amend its pleading only with the written consent of the opposing party or by leave of the Court. Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a)(2), "leave shall be freely given when justice so requires." Factors the Court may consider in determining whether to permit a party to amend its pleadings include: (1) undue delay in filing, (2) lack of notice to the opposing party, (3) bad faith by the moving party, (4) repeated failure to cure deficiencies by previous amendments, (5) undue prejudice to the opposing party, and (6) futility of amendment. *Head v. Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989) (citing *Martin v. Associated Truck Lines, Inc.*, 801 F.2d 246, 248 (6th Cir. 1986)). An amendment is considered futile when it would not survive a motion

to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420-21 (6th Cir. 2000). In such cases, "[a] district court may deny a motion to leave to amend his complaint when the proposed amendment would be futile." *See e.g.*, *Hart v. Hillsdale*, 2017 WL 1250797, at *2 (E.D. Mich. 2017).

## IV. ANALYSIS

### A. Motion to Dismiss

Alltran argues that Plaintiffs' First Amended Complaint does not plead a plausible claim. Specifically, Alltran asserts that the following allegations are conclusory and do not satisfy the *Iqbal/Twombly* standard: (1) "When ALLTRAN FINANCIAL, LP was hired to collect the alleged debt, it had actual knowledge that Plaintiffs were represented by counsel and actual knowledge of counsel's name, address, telephone number, and email address;" and (2) "With and in spite of actual knowledge of the fact that Plaintiffs were represented by counsel, ALLTRAN FINANCIAL, LP contacted the Plaintiffs directly on March 8, 2018 in an attempt to collect the alleged debt and in violation of the FDCPA."

Section 1692c governs debt collectors' communications with consumers, and it provides that a debt collector may not contact a consumer directly to collect any debt–

> If the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a

5

reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

The parties disagree that a plausible claim alleging violations of the FDCPA and Michigan Occupational Code (M.C.L. § 339.101) has been pleaded in the First Amended Complaint. Although a district court must accept all of the complaint's factual allegations as true, the First Amended Complaint merely recites the elements of a cause of action under the FDCPA and fails to plead more than legal conclusions regarding Alltran's actual knowledge of legal representation. The Court agrees that simply using the phrase "actual knowledge" in a manner that mirrors the elements of a claim under § 1692c(a)(2) is not sufficient to raise a plausible claim that Alltran had such knowledge.

Although the merits of Alltran's Motion to Dismiss constitute a sufficient basis upon which to dismiss Plaintiffs' cause of action, the Sixth Circuit has held that it is an abuse of discretion to dismiss a suit without first considering a motion to amend. *See Ellison v. Ford Motor Co.*, 847 F.2d 297 (6th Cir. 1988) ("Given the policy of liberality behind Rule 15(a), it is apparent that when a motion to amend is not even considered, much less not granted, an abuse of discretion has occurred."); *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987) ("dismissal of the suit based upon the original complaint without first considering the motion to amend was an abuse of discretion"). Although a court may grant a defendant's motion to dismiss,

it should first evaluate a pending motion for leave to amend in light of the proposed amendment. *Ellison*, 847 F.2d at 30 ("[W]e believe the district court should evaluate the pending motion in light of the amendment policy embodied in the Federal Rules"). In this case, the Court finds that evaluating the pending Motion for Leave to File Second Amended Complaint is warranted.

**B. Motion for Leave to Amend Under Rule 15(a)**

In this case, there is no dispute that: (a) Plaintiffs did not delay in filing their proposed Second Amended Complaint; (b) Alltran had notice of the proposed amendment; (c) there is no bad faith by Plaintiffs; (d) Plaintiffs had not tried to cure substantive deficiencies previously, and (e) Defendants would not be unduly prejudiced. Alltran contends, however, that the proposed amendments would be futile.

The Court finds that the proposed Second Amended Complaint is not futile. The proposed Second Amended Complaint states that "[w]hen ALLTRAN FINANCIAL, LP was hired to collect the alleged debt, it had actual knowledge provided by the party which hired it that Plaintiffs were represented by counsel and actual knowledge of counsel's name, address, telephone number, and email address." The Court concludes that these allegations offer support for the deficient pleading in the First Amended Complaint by providing enough factual allegations to raise the right to relief above the speculative level. And, since the court cannot

discern any "readily apparent" reasons to deny leave to amend, it would be an abuse of its discretion to do so. *See, e.g., Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594 (5th Cir. 1981) ("unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial"). The Court grants Plaintiff's Motion for Leave to File a Second Amended Complaint.

## V. CONCLUSION

Accordingly, for the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Leave to File a Second Amended Complaint [#26]. The Court also **DENIES** Alltran's Motion to Dismiss [#22].

Date: October 4, 2018                     s/Denise Page Hood
                                          UNITED STATES DISTRICT JUDGE